```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-17-10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRANDON WILLIAMS,

        Plaintiff,

    - against -

CITY OF NEW YORK, et al.,

        Defendants.

REPORT AND
RECOMMENDATION

10 Civ. 0164 (VM) (RLE)

**To the HONORABLE VICTOR MARRERO, U.S.D.J.:**

By Order dated July 13, 2010, Plaintiff Brandon Williams was directed to **SHOW CAUSE** by August 13, 2010, why this case should not be dismissed. Williams failed to respond to the Order. For the reasons which follow, I recommend that the case be **DISMISSED** for failure to prosecute.

Williams commenced this action on January 11, 2010. Pursuant to Rule 4 of the Federal Rules of Civil Procedure, Williams's deadline to serve Defendants was May 11, 2010. On April 22, 2010, the Court received a letter from Williams explaining that he had only received notice of the deadline for service on April 1, 2010. Accordingly, this Court issued an order extending Williams's time to serve to June 30, 2010. When Williams failed to serve Defendants by the new deadline, the Court directed him to show cause why his case should not be dismissed.

Based on the information in the record, this Court recommends the case be **DISMISSED** for failure to prosecute. A district court may *sua sponte* dismiss a case for Plaintiff's failure to prosecute. *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962) (cited as establishing framework for reviewing district court's *sua sponte* dismissal for failure to prosecute); *see also* FED. R. CIV. P. 41(b). Further, case law holds failure to prosecute "'can evidence itself . . . in an

action lying dormant with no significant activity to move it . . . .'" *Gibbs v. Hawaiian Eugenia Corp.*, 966 F.2d 101, 109 (2d Cir. 1992) (*quoting Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to ths Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Victor Marrero, 500 Pearl Street, Room 660, and to the chambers of the undersigned, Room 1970. Failure to file timely objects shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); FED. R. CIV. P. 72, 6(a), 6(d).

SO ORDERED this 17th day of August 2010
New York, New York

_____
**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

**Copies of this Report and Recommendation were sent to:**

*Pro se* Plaintiff:
Brandon Williams
#349-09-14715
1600 Hazen Street
East Elmhurst, NY 11370

2